## TILFORD MOORE *v.* B. F. PHILLIPS.

[Abstract Kentucky Law Reporter, Vol. 7—221.]

**Homestead as Against Creditors.**

Where one has used and cultivated his land but has not lived upon it he can not claim a homestead right as against his creditors.

APPEAL FROM BATH CIRCUIT COURT.

September 24, 1885.

OPINION BY JUDGE PRYOR:

There is nothing in this case upon which to base appellant's right to a homestead. He never lived upon the land, or erected any buildings upon it until after he removed from the neighborhood to Reynoldsville.

He says he left it in possession of a tenant and left it with a view or with the intention of returning, never having abandoned it as a home. The proof shows that he was not on the land when he left, or living upon it, but on the contrary lived on premises belonging to someone else. There is no satisfactory proof of his right and if

there was a building on the place in which he lived he could have easily stated it. That he used the land and cultivated it is not sufficient to entitle him to hold it against creditors. Nor is there anything in the record showing that the execution of the plaintiff has released him in any way from his liability for the debt. The sheriff having made the levy had the right to sell, and his amended return shows that he sold the land for cash, and if not, we can not see how the debtor was injured by it.

The appellant admits the execution of the replevin bond and the issuing of the execution upon it and is relying upon some informality in the action of the sheriff as a reason for adjudging the sale void.

In the first place no informality exists and the only defense interposed is the right to a homestead. The testimony of appellant shows that he is not entitled.

Judgment *affirmed.*

*Wm. Lindsay, Thos. Kennedy, M. M. Teager, W. H. Cord, J. S. Hurt, for appellant.*

*R. Gudgell & Son, C. W. Goodpaster, for appellee.*